HERMIDA & PALOS, DEMANDANTES Y APELADOS, *v.* GESTERA, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en causa sobre cobro de pesos.

No. 1297.—Resuelto en julio 28, 1915.

DEPOSICIONES—EXAMEN POR LA PARTE CONTRARIA—TIEMPO OPORTUNO PARA HACERLO—OBJECIONES.—Antes de presentarse en evidencia una deposición no es necesario mostrarla a la parte contraria, porque el momento en que se presenta por la parte es el oportuno para que la contraria la examine y formule contra ella todas las objeciones que tenga para que no se admita como prueba.

ID.—CERTIFICACIÓN DE DEPOSICIÓN.—Es suficiente certificación de una deposición cuando al pie de ésta consta que fué leída por el comisionado al testigo antes que la firmara.

ID.—REMISIÓN POR CORREO BAJO SOBRE CERRADO—SELLO DEL COMISIONADO—MERAS IRREGULARIDADES.—Si la deposición se remite al secretario del tribunal bajo sobre cerrado por correo, certificando el comisionado su identidad, aunque el sobre no contenga el sello del comisionado, este no es motivo bastante para rechazarla, pues sería una mera irregularidad en ausencia de cualquier sospecha de su alteración.

ID.—FALTA DE EXPRESAR POR QUIÉN FUÉ ESCRITA—PRESUNCIÓN.—Cuando la deposición no expresa por quién fué escrita, la presunción, salvo prueba en contrario, es de que lo fué por el mismo comisionado.

ID.—LETRA DE LA DEPOSICIÓN—EXCLUSIÓN.—El mero hecho de que la letra de la deposición no se parezca a la del comisionado, sin que exista prueba para rebatir la regularidad de su conducta, es insuficiente para excluirla.

ID.—COMPARECENCIA ANTE EL COMISIONADO—PRESUNCIÓN.—Cuando el comisionado certifica que el testigo compareció ante él, que le tomó juramento, que le leyó la declaración y que la ratificó, la presunción es de que la deposición se tomó ante él en ausencia de prueba en contrario.

ID.—ENVÍO DE LA DEPOSICIÓN AL SECRETARIO DE LA CORTE—COMISIONADO.—Si el comisionado envía la deposición al secretario del tribunal, ello es suficiente para demostrar que para él (el tribunal) la tomó, con mayor motivo cuando de ella consta que obraba como comisionado suyo.

ID.—CONTESTACIONES DADAS POR OTRO TESTIGO.—Aunque lo más regular es tomar las deposiciones separadamente cuando se trata de dos o más testigos, sin embargo no es impropio el permitir que un testigo adopte la contestación de otro.

COBRO DE DINERO—PRUEBAS—CARTA PRESENTADA COMO PRUEBA PARA DEMOSTRAR GESTIONES EN EL COBRO.—Cuando una carta se presenta para justificar que en diferentes ocasiones el demandante exigió al demandado el pago de la deuda, sin que se demuestre que se refería a cualquiera otra reclamación entre las partes, es admisible como prueba.

AFFIDAVIT—OBJETO DE LOS AFFIDAVITS.—El objeto de los *affidavits* no es el de contener declaraciones para surtir efecto en los juicios. Los testigos han de declarar oralmente o por medio de deposiciones a fin de que la parte contraria como el juez, tengan oportunidad de aquilatar sus manifestaciones.

ID.—PRESENTACIÓN EN JUICIO—MANIFESTACIONES CONTRARIAS.—La presentación de un *affidavit* que contenga manifestaciones de un testigo será buena para demostrar que en otras ocasiones ha dicho cosa contraria, pero nó cuando se le pregunta por hechos o manifestaciones que le constan.

ID.—ADMISIONES ORALES—DOCUMENTO PÚBLICO.—Las admisiones orales son permitidas como evidencia primaria contra la parte que las hace, aunque envuelvan lo que necesariamente esté contenido en un documento público.

ID.—ADMISIONES DEL DEMANDADO BAJO JURAMENTO.—Cuando un demandado admite en su declaración oral ante la corte que en cierta fecha había manifestado bajo juramento que debía determinada cantidad al demandante justificando así una alegación de éste, a menos que se demuestre que tal reconocimiento se refería a otra deuda distinta de la reclamada, estaba el juez justificado para considerarla como una admisión.

PRUEBA CONTRADICTORIA—EXAMEN DE LA PRUEBA.—Cuando existe conflicto en la evidencia corresponde dirimirlo al juez inferior.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Bosch & Soto.*

Abogado de los apelados: *Sr. Antonio J. Amadeo.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

Los demandantes en este caso alegaron ante la Corte de Distrito de San Juan, Sección 1ª., ser vecino de New York, que durante el año 1907 prestaron al demandado Teótimo Gestera varias cantidades de dinero que sumaron $800 que el demandado confesó deberles y se comprometió a pagarles, lo que no ha verificado en todo ni en parte a pesar de estar vencido el plazo para la devolución y haberle exigido el pago en diferentes ocasiones desde enero de 1908, y concluyeron con la súplica de que lo condenase a pagarles esos $800, el interés legal desde enero de 1908 y $250 para honorarios de abogado y gastos del juicio.

La demanda fué contestada negándola, exponiendo que ni durante el año 1907 ni en ninguna otra fecha los deman-

dantes le han prestado cantidades de dinero montante a $800, que no ha confesado deber esa cantidad ni que se comprometiera a devolverla y que nunca ha sido requerido de pago. Como materia nueva expuso la contestación que durante su estadía en New York los demandantes le facilitaron dinero en distintas ocasiones, pero que todas le fueron pagadas de tal manera que nada les adeuda y que nunca llegaron a formar una sola deuda de $800.

Celebrado el juicio la corte dictó sentencia declarando con lugar la demanda y contra ella interpuso el demandado el presente recurso de apelación.

Los motivos en que se funda para pedir la revocación de la sentencia son que la corte inferior cometió los siguientes errores:

"1°. La admisión de las deposiciones de los demandantes.

"2°. La admisión de la carta del demandado dirigida a los demandantes.

"3°. Admitir en evidencia, apreciar y darle la fuerza legal de una admisión a las manifestaciones del testigo Gestera de haber expresado en otra ocasión que debía a los demandantes la cantidad de ochocientos dollars.

"4°. Admitir preguntas sobre el contenido de un documento escrito sin antes ser ofrecido y presentado en evidencia y determinada su pertinencia y admisibilidad.

"5°. Declarar probada la acción de los demandantes y condenar al demandado a pagar ochocientos dollars de capital, intereses legales desde enero de 1908, y las costas, gastos y honorarios de abogado."

Para probar su acción los demandantes presentaron sus propias deposiciones tomadas en Nueva York, una carta a ellos dirigida por el demandado, varios cheques librados por los demandantes a la orden del demandado, por él endosados y pagados por el banco girado, así como la declaración del propio demandado.

Son varios los motivos porque se sostiene que la corte sentenciadora cometió el primero de los errores que se le imputan, reproducción de las objeciones que hizo en el juicio a que se leyeran esas deposiciones. Tal como está redactado

el pliego de exposición del caso y de excepciones no sabemos si estaban o nó admitidas las deposiciones como prueba cuando el demandado se opuso a su lectura, pero de todos modos aparece que las hizo antes de que fueran leídas en el juicio y tenían por objeto que no se tomaran en consideración como pruebas.

Uno de ellos es que antes de ofrecerse como evidencia y de discutirse su validez debía permitirse al demandado que las examinara para poder formular sus objeciones contra ellas respecto a su admisibilidad, o sea en cuanto a si cumplían o nó los requisitos legales.

No cita el apelante precepto alguno en apoyo de su pretensión. Nosotros no creemos que antes de presentarse en evidencia sea necesario mostrarlas a la parte contraria porque el momento en que se presentan por la parte es el oportuno para que la contraria los examine y formule contra ella todas las objeciones que tenga para que no se admitan como prueba.

Pero no hay duda que la parte las examinó y tuvo oportunidad de oponerse a su admisión porque alegó distintas objeciones que la corte resolvió en su contra. Estas objeciones fueron que la comisión que se expidió al comisionado ni la remisión de las deposiciones a la corte se ajustaron a los preceptos del artículo 140 de la Ley de Evidencia, porque aquella no especifica que las deposiciones deban ser certificadas por el comisionado y que sean devueltas al secretario del tribunal bajo sobre sellado ni fueron devueltas de esta manera.

Las deposiciones fueron certificadas por el comisionado porque al pie de ellas consta que fueron leídas a los testigos antes que las firmaran, siendo esto suficiente según se declaró en el caso de *Williams* v. *Chadbourne,* 6 Cal., 559.

Las deposiciones fueron remitidas al secretario del tribunal bajo sobre cerrado por correo, y aunque el apelante sostiene que el sobre debía contener el sello del comisionado, de todos modos esto no sería motivo para rechazar las depo-

siciones cuando el comisionado certifica su identidad y sería una mera irregularidad en ausencia de cualquiera sospecha de que las deposiciones fueron alteradas. *Chadwick* v. *Chadwick,* 59 Mich., 87, 26 N. W., 288. 13 Cyc., 959.

Con respecto a que: (*a*) no aparece de las deposiciones que fueron escritas por el comisionado o por persona a su ruego; (*b*) que no consta quién las escribió; (*c*) si se prestaron en presencia del comisionado; (*d*) que éste no las certifica para el tribunal; (*e*) que de su faz no aparece que fueran tomadas independientemente, sino que parece lo contrario, diremos que si bien las que se presentaron en este caso no dicen por quién fueron escritas, a pesar de esa omisión la corte tiene discreción para admitirlas y salvo prueba en contrario, hay que suponer que si el Comisionado no expresó que facultó a otra persona para escribirlas es porque él mismo las escribió. El mero hecho de que la letra de la deposición no se parezca a la del comisionado, sin prueba para rebatir la regularidad de su conducta es insuficiente para excluirla. *State* v. *Kimbal,* 50 Me., 409; *Piper* v. *White,* 56 Pa. St., 90.

La misma regla es aplicable al hecho de no consignarse en las deposiciones que se tomaron ante el comisionado, con mayor razón en este caso en que certifica que los testigos comparecieron ante él, que les tomó juramento, que les leyó las declaraciones y que las ratificaron.

El haber enviado las deposiciones al secretario del tribunal es suficiente para demostrar que para él las tomó con mayor motivo cuando de ellas consta que obraba como comisionado suyo.

En cuanto al último extremo de que no aparece que se tomaran independientemente porque las deposiciones son iguales, aunque lo más regular es tomar las deposiciones separadamente cuando se trata de dos o más testigos, sin embargo, no es impropio el permitir que un testigo adopte la contestación del otro. 13 Cyc., 937 y casos que cita.

. El segundo error alegado es por haberse admitido como prueba una carta que el demandado escribió y envió a los demandantes en 24 de febrero de 1911, la cual, según el apelante, no puede probar ningún hecho esencial de la controversia y que sólo por conjeturas o deducciones arriesgadas podría relacionarse con la materia en litigio.

Los demandantes alegan que en diferentes ocasiones, desde enero de 1908, han exigido del demandado el pago de la deuda que ahora les exigen judicialmente y creemos que con la carta tratan de justificar esa alegación. El contenido de ella es para explicarles por qué no les han contestado antes, las causas por las cuales no tiene dinero y para decirles que tan pronto mejore de situación se acordará de ellos; y nos parece que su conjunto es para justificar por qué no atiende alguna reclamación de dinero que le hacen, y como no se ha demostrado que hubiera entre las partes otra reclamación que la presente no nos parece lógica la explicación que dió el demandado de que se refería a una invitación que le habían hecho para que fuera a Nueva York, pues no hay en la carta una sola palabra que se refiera a tal asunto directa ni indirectamente, y entendemos que tal carta era admisible como prueba.

Los errores tercero y cuarto podemos tratarlos conjuntamente.

Declarando el demandado como testigo de los demandantes expuso que allá por marzo de 1908 residía en Nueva York, era de estado casado y que por esa fecha prestó declaración jurada ante un tribunal, y al pedirle el abogado que explicara los pormenores se opuso el abogado del testigo fundándose en que primero debía investigarse si fué por escrito o no, y habiendo la corte desestimado esa objeción preguntó de nuevo el abogado si no era cierto que en ese *affidavit* que firmó confesó deber a los demandantes la suma de $800, a cuya pregunta también se opuso el abogado contrario porque no debía hacerse ninguna pregunta respecto a documento que puede ser presentado en prueba. Desestimada también esa

objeción declaró el testigo ser cierto que en 30 de marzo de 1908 hizo esa manifestación bajo juramento de deber $800 a Hermida y Palos porque en aquella época debía a varios, incluso los demandantes.

Sostiene el apelante que se cometieron los errores que alega porque la mejor prueba era el mismo documento y porque la manifestación del testigo no constituye una admisión.

Respecto al primer extremo tenemos que declarar que la corte inferior no cometió el error que se le atribuye.

El objeto de los *affidavits* no es el de contener declaraciones para surtir efecto en los juicios. Los testigos han de declarar oralmente o por medio de deposiciones a fin de que tanto las partes contrarias como el juez, tengan la oportunidad de aquilatar sus manifestaciones. La presentación de un *affidavit* que contenga manifestaciones de un testigo será buena para demostrar que en otras ocasiones ha dicho cosa contraria pero no cuando se le pregunta por hechos o manifestaciones que le constan. En el caso de *Etchemende* v. *Stearns,* 44 Cal., 583, la corte revocó una sentencia porque se admitieron *affidavits* prestados en otra ocasión para probar que los demandados tenían una sociedad y con esa ocasión dijo la corte: "de lo que aparece en el caso, todas las personas que hicieron los *affidavits* vivían en la jurisdicción de la corte y en todos sentidos eran testigos competentes en el pleito." En 17 Cyc., 510, encontramos que en muchas jurisdicciones se permiten admisiones orales como evidencia primaria contra la parte que las hace aunque envuelvan lo que necesariamente esté contenido en un documento público.

Otra alegación es que la manifestación que el testigo hizo en 1908 no constituye una admisión de la deuda que se le cobra en este pleito porque no se probó el origen de la deuda que se reconoció.

Desde el momento en que el demandado declaró en el juicio que en 1908 hizo la manifestación jurada de que debía $800 a los demandantes y teniendo en cuanto que ella justi-

ficaba la alegación de sus contrarios de que en esa fecha les debía esa misma suma, a menos que él explicara, lo que no hizo habiendo tenido oportunidad para ello, que tal reconocimiento de deuda se refería a otra distinta de la reclamada, estaba el Juez justificado para considerarla como una admisión, con mayor motivo cuanto que él negó en su contestación que en ninguna fecha anterior o posterior a 1907 les haya debido tal cantidad por préstamo ni por ningún otro concepto, ni que confesara deberla.

El quinto y último error que se alega se refiere a la suficiencia de la prueba para justificar la sentencia condenatoria.

La demanda no alegó que la deuda se contrajera exclusivamente por medio de cheques y por tanto no existe discrepancia entre la prueba y las alegaciones.

Los demandantes declararon que habían facilitado al. demandado en calidad de préstamo la suma de $800 de los cuales le entregaron $609.74 en diferentes fechas por medio de cheques cuyos números relacionan y $190.26 en dinero efectivo y aun cuando no presentaron en el juicio sino cheques por valor de $433.74 esto no justifica que solo por esa cantidad pueda ser condenado pues la prueba de la obligación reclamada podía hacerse con la declaración de los demandantes y la presentación de los cheques no es otra cosa que una corroboración de aquellas.

Además de esas declaraciones y de los cheques existían como prueba la carta y la admisión de que hicimos referencia, y la cuestión quedó planteada en el tribunal a resolver si era cierto lo que decían los demandantes o lo que sostenía el demandado de que si bien había recibido varios cheques de aquellos era en cambio de dinero que les entregaba, siendo ese conflicto de la evidencia resuelto en su contra.

En vista de estas consideraciones debemos confirmar la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.